BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE ASBESTOS AND ASBESTOS INSULATION ) DOCKET NO. 269
MATERIAL PRODUCTS LIABILITY LITIGATION )

OPINION AND ORDER

4/7/77

BEFORE JOHN MINOR WISDOM, CHAIRMAN, AND EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, STANLEY A. WEIGEL, AND ANDREW A. CAFFREY, JUDGES OF THE PANEL.

PER CURIAM

This litigation consists of 103 actions pending in nineteen districts. The distribution of these actions is as follows:

| District | Actions |
|---|---|
| Northern District of Ohio | 23 |
| Southern District of Texas | 20 |
| District of Connecticut | 16 |
| Eastern District of Texas | 12 |
| District of South Carolina | 7 |
| District of New Jersey | 6 |
| Southern District of Florida | 4 |
| Eastern District of Illinois | 2 |
| Eastern District of Michigan | 2 |
| District of Montana | 2 |
| Eastern District of Tennessee | 1 |
| Western District of Pennsylvania | 1 |
| Eastern District of Pennsylvania | 1 |
| Eastern District of Missouri | 1 |
| Eastern District of Louisiana | 1 |
| District of Rhode Island | 1 |
| Southern District of Indiana | 1 |
| District of Maryland | 1 |
| Southern District of West Virginia | 1 |

The 103 actions have been brought by workers who were exposed to asbestos dust in the course of their employment, or by persons associated with those workers, either as

co-workers or as members of the family. Many diverse types of vocational exposure are involved in these actions.[1]

---

[1] The specific type of vocational exposure alleged in each action or group of actions is as follows:

| District | Actions Involved | Type of Vocational Exposure |
|---|---|---|
| S.D. Texas | 19 | Individual tradesmen -- insulation workers using a variety of asbestos products over the course of up to 40 years |
|  | 1 | Weaver in textile mill producing fabrics from asbestos fibers |
| E.D. Texas | 9 | Individual tradesmen -- insulation workers using a variety of insulation products over the course of up to 50 years |
|  | 3 | Employees at PPG Plant in Tyler, Texas producing asbestos products |
| N.D. Ohio | 23 | Individual tradesmen -- mechanics exposed to asbestos and asbestos insulation materials over periods of up to 40 years. |
| D. Connecticut | 16 | Employees working as or with pipe-laggers in boat construction and repair yard of General Dynamics Corp. |
| D. New Jersey | 2 | Purported class actions on behalf of 2500 workers at a now defunct Raybestos-Manhattan plant in Passaic, N.J., which manufactured asbestos products |
|  | 3 | One purported class action on behalf of employees of Johns-Manville plant in Manville, N.J.; two individual actions brought by workers at that plant |
|  | 1 | Truck driver who delivered products produced at a Johns-Manville plant |
| D. South Carolina | 7 | Individual insulation workers |
| S.D. Florida | 4 | Individual insulation installers |
| E.D. Louisiana | 1 | Worker in plant manufacturing asbestos floor tile |

Plaintiffs in most of the actions are or were workers at plants which produce asbestos products (the factory worker actions), or tradesmen who work with a variety of asbestos products (the tradesman actions). A majority of the tradesmen are installers of insulation products containing asbestos. Ninety-four of the actions are tradesman actions and nine of the actions are factory worker actions.

Six of the actions were brought as class actions on behalf of employees at three different plants that manufacture or once manufactured asbestos products. Three of the actions in the Eastern District of Texas were brought as class actions on behalf of employees at a PPG Industries plant in Tyler, Texas. Class certification has been denied in these three actions. The other three purported class actions are pending in the District of New Jersey, see note 1, supra. Two are brought on behalf

---

1/Continued:

| District | Actions Involved | Type of Vocational Exposure |
|---|---|---|
| E.D. Pennsylvania | 1 | Salesman of insulation products for Johns-Manville |
| W.D. Pennsylvania | 1 | Employee of distributor of insulation products |
| E.D. Michigan | 1 | Employee of distributor of insulation products |
| | 1 | Individual insulation worker |
| E.D. Missouri | 1 | Individual insulation worker |
| E.D. Tennessee | 1 | Individual insulation worker |
| E.D. Illinois | 2 | Individual insulation workers |
| D. Montana | 2 | Individual insulation workers |
| D. Rhode Island | 1 | Individual insulation worker |
| D. Maryland | 1 | Individual insulation worker |
| S.D. Indiana | 1 | Individual insulation worker |
| S.D. West Virginia | 1 | Individual insulation worker |

of employees of Raybestos Manhattan, Inc. at a now defunct plant in Passaic, New Jersey. The other action is brought on behalf of employees at a Johns-Manville, Inc. plant in Manville, New Jersey. Class certification is still pending in the New Jersey actions.

There are a total of 80 defendants in the 103 actions. The majority of the defendants are manufacturers or distributors of various asbestos products. Johns-Manville is a defendant in 91 of the actions.[2] Seven other defendant corporations are named in more than 50 actions, seven others are named in more than 30 actions, and ten others are named in ten or more actions.

The complaints in the actions generally allege that the defendants wrongfully caused the plaintiffs to be exposed to asbestos dust and asbestos fibers over a period of time, as a result of which the plaintiffs have contracted or are in danger of contracting asbestosis, mesothelioma, or other disorders. Alleged liability is based on the principles of strict liability, negligence, and/or breach of warranties of merchantability and/or fitness. It is also alleged that the defendants knew or should have known of the dangers to persons exposed to asbestos products,[3] but that defendants failed

---

[2]/In addition, Johns-Manville reports that it is a defendant in 73 state court actions arising from exposure to asbestos.
[3]/A discussion of the state of medical and scientific knowledge relating to the risks associated with exposure to asbestos in an occupational context may be found in Borel v. Fibreboard Paper Products Corp., 493 F. 2d 1076, 1083-86 (5th Cir. 1973).

to warn the plaintiffs of these dangers; failed to provide adequate precautions, safety devices, or wearing apparel to prevent exposure; and/or failed to establish reasonable standards for exposure.

Pursuant to 28 U.S.C. §1407(c)(i) and Rule 8, R.P.J.P.M.L., 65 F.R.D. 253, 258-59 (1975), the Panel issued an order to show cause why all these actions should not be transferred to a single district for coordinated or consolidated pretrial proceedings.[4] All except one[5] of the 55 respondents to the Panel's order to show cause oppose transfer in this litigation. The primary arguments presented by the parties in opposition to transfer are the following:

(1) Many of the actions have been pending for several years and are well advanced in discovery. In several actions a discovery cutoff date or a trial date has been set. Transfer would merely delay the progress of discovery or the trial of those actions.

(2) In several districts, arrangements for voluntarily sharing the common aspects of discovery have been made among the parties to the actions pending within those districts. Transfer would cause unnecessary additional expenses which can be avoided by voluntary coordination of efforts among the parties.

(3) There is a lack of commonality among the parties in these actions.

---

[4] Since the Panel hearing on this matter, the Panel has been advised that additional actions involving asbestos have been filed.
[5] That party, Defense Apparel, Inc., a defendant in two actions, merely withdrew a previously-expressed opposition to transfer; it did not present any arguments in favor of transfer.

(a) There is considerable variation in named defendants from action to action. No defendant or category of defendants is a party to all actions. Defendants include manufacturers of asbestos products, distributors of asbestos products, insurance companies, doctors, suppliers of raw asbestos fibers, trade associations, trade unions, and the United States of America.

(b) The plaintiffs are not a homogeneous group. They include insulation workers involved in the installation or removal of insulation products, workers in factories manufacturing asbestos products, co-workers, members of workers' families, and persons living in the proximity of asbestos manufacturing facilities.

(4) Although a common thread among these actions is exposure to some type of asbestos or asbestos product, the circumstances of exposure are predominantly individual to each action. The variables include the following:

(a) type of vocational exposure (e.g. -- miner, transporter, factory worker, or tradesman);

(b) products to which exposed;

(c) conditions of exposure;

(d) duration and intensity of exposure;

(e) safety precautions taken by the worker;

(f) medical, personal, employment, and family history of the worker over the long periods of exposure involved (up to 50 years).

Regarding the factory workers and tradesmen, the two basic types of vocational exposure involved, the exposure of factory workers was to 100% raw asbestos, while the exposure of tradesmen was to products which generally contain about 15% asbestos.

(5) The question of causation is an individual issue. Several different types of disorders are alleged, including asbestosis, lung cancer, peritoneal mesothelioma, mesothelioma of the lining of the stomach or gastric organs, cancer of the esophagus, cancer of the colon, and cancer of the rectum. The question of whether particular disorders may be attributable to exposure to a particular type of asbestos is a matter of dispute among medical authorities. Causation of an individual's disability by asbestos exposure will necessarily be related to the individual factors of length, intensity, and type of vocational exposure, and to the physical characteristics of the person. A considerable amount of technical medical evidence such as diagnoses, x-rays and tissue microscopies will be involved in each action. This evidence is of an individual nature.

Significant differences in causation will exist between the factory worker actions and the tradesman actions. Medical and scientific knowledge concerning the two types of exposure is different. The tradesmen will have been exposed to a wider variety of asbestos products, and will need to prove which products caused their disabilities.

(6) The liability of each defendant in each action is predominantly an individual question. The variables will include the defendants' knowledge at a particular time of the health risks involved in exposure to asbestos, the adequacy of any product testing by the defendant manufacturers, the sufficiency of any warnings or directions for use of products, and the issue of assumption of risk by the plaintiffs. Other variables will include the materials used, the method of manufacture, and the period of production.

(7) Although a common aspect among these actions is the state of medical and scientific knowledge at a particular time regarding the health hazards posed by exposure to asbestos, this knowledge can be readily discerned from literature which is easily available in most medical libraries. The common need for this literature is therefore not a significant justification for transfer.

(8) Local issues will predominate in the discovery process. The medical, personnel, and product use records of each individual will be found locally. Liability in these actions will be based on state substantive law. As a result, transfer would not promote the parties' and witnesses' convenience regarding discovery.

(9) There is not a significant possibility of inconsistent or overlapping class action determinations since any certifiable class could include only those persons who were exposed to asbestos in a specific plant or in

the service of a particular employer. The classes alleged to date are properly restricted, and do not overlap in any respect.

Although we recognize the existence of some common questions of fact among these actions, we find that transfer under Section 1407 would not necessarily serve the convenience of the parties and witnesses or promote the just and efficient conduct of the litigation. Accordingly, the order to show cause is vacated.

The virtually unanimous opposition of the parties to transfer, though a very persuasive factor in our decision to deny transfer in this litigation, is not by itself determinative of the question of transfer under Section 1407. In an appropriate situation, the Panel has the power to order transfer in multidistrict litigation even if all parties are opposed to transfer.

We are, however, persuaded by the parties' arguments in this particular litigation. On the basis of the record before us, the only questions of fact common to all actions relate to the state of scientific and medical knowledge at different points in time concerning the risks of exposure to asbestos. The pertinent literature on this subject is readily available. See generally Borel v. Fibreboard Paper Products Corp., supra note 3, 493 F. 2d at 1083-86. Many factual questions unique to each action or to a group of actions already pending in a single district clearly predominate, and therefore transfer is unwarranted. See In re Fotomat Franchisee Litigation, 394 F. Supp. 798, 799 (J.P.M.L. 1975). Furthermore, many of these

actions already are well advanced. Some of the actions have been pending for up to four years, and trial dates or discovery cutoff dates have been set in several actions. Under these circumstances, transfer would not further the purposes of Section 1407. See In re Braniff Airways, Inc. Employment Practices Litigation, 411 F. Supp. 798, 800 (J.P.M.L. 1976).

IT IS THEREFORE ORDERED that the order to show cause regarding the actions listed on the following Schedule A be, and the same hereby is, vacated.

DOCKET NO. 269

SCHEDULE A

NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Evelyn Roderman, etc. v. Combustion Engineering, Inc., et al. | Civil Action No. C72-390 |
| Betty Sedlock, etc. v. Combustion Engineering Inc., et al. | Civil Action No. C72-395 |
| Rose Ann Ricci, etc. v. Combustion Engineering Inc., et al. | Civil Action No. C72-507 |
| Mary C. Kearns, etc. v. Combustion Engineering Inc., et al. | Civil Action No. C73-70 |
| Mary Muntean, etc. v. Combustion Engineering, Inc., et al. | Civil Action No. C73-199 |
| Elmer J. Measor v. Combustion Engineering, Inc., et al. | Civil Action No. C73-238 |
| John P. Burke v. Combustion Engineering, Inc., et al. | Civil Action No. C73-239 |
| James E. McLaughlin v. Combustion Engineering, Inc., et al. | Civil Action No. C74-923 |
| James P. McGinnis v. Combustion Engineering, Inc., et al. | Civil Action No. C74-1077 |
| Nellie V. Breedlove, etc. v. Combustion Engineering, Inc., et al. | Civil Action No. C74-1130 |
| Mary Rita McNeeley, etc. v. Combustion Engineering, Inc., et al. | Civil Action No. C75-74 |
| Reba Darlene Chaddock, etc. v. Combustion Engineering, Inc., et al. | Civil Action No. C75-102 |
| Elbert H. Steele v. Combustion Engineering, Inc., et al. | Civil Action No. C75-359 |
| Harry T. McLaughlin v. Combustion Engineering, Inc., et al. | Civil Action No. C75-377 |

## NORTHERN DISTRICT OF OHIO (CONT.)

| | |
|---|---|
| Robert J. Harter v. Combustion Engineering Inc., et al. | Civil Action No. C75-452 |
| Kenneth J. Murphy v. Combustion Engineering Inc., et al. | Civil Action No. C75-453 |
| Roy E. Mellott v. Johns-Manville Products Corp., et al. | Civil Action No. C75-1058 |
| Wilfred R. Baumgartner v. Combustion Engineering, Inc., et al. | Civil Action No. C75-1057 |
| Jesse Ellender Starnes, etc. v. Combustion Engineering, Inc., et al. | Civil Action No. C76-46 |
| John McKimmie v. Combustion Engineering, Inc., et al. | Civil Action No. C76-180 |
| Frank R. Allore v. Combustion Engineering, et al. | Civil Action No. C76-447 |
| Billy Joe Starnes v. Combustion Engineering, et al. | Civil Action No. C76-882 |
| Earl Jackson Grice v. Combustion Engineering, et al. | Civil Action No. C76-883 |

## SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Claude A. Dunn v. Johns-Manville International Corp., et al. | Civil Action No. 73-H-1072 |
| William D. Luker, Sr., et al. v. Johns-Manville International Corp., et al. | Civil Action No. 75-H-342 |
| Olga Ann Strickland, et al. v. Johns-Manville International Corp., et al. | Civil Action No. 75-H-492 |
| F. W. Farrar v. Standard Asbestos Manf. & Insulating Co., et al. | Civil Action No. 75-H-862 |
| E. A. Kyburz, Jr. v. Standard Asbestos Manf. & Insulating Co., et al. | Civil Action No. 75-H-863 |
| R. L. Dickey v. Standard Asbestos Manf. & Insulating Co., et al. | Civil Action No. 75-H-864 |

## SOUTHERN DISTRICT OF TEXAS (CONT.)

| | |
|---|---|
| F. Wesberry v. Standard Asbestos Manf. & Insulating Co., et al. | Civil Action No. 75-H-865 |
| E. B. Byerly v. Standard Asbestos Manf. & Insulating Co., et al. | Civil Action No. 75-H-866 |
| V. P. Viator v. Standard Asbestos Manf. & Insulating Co., et al. | Civil Action No. 75-H-867 |
| A. J. Gaspard v. Standard Asbestos Manf. & Insulating Co., et al. | Civil Action No. 75-H-868 |
| J. B. Freeman v. Standard Asbestos Manf. & Insulating Co., et al. | Civil Action No. 75-H-869 |
| A. J. Burke, Jr. v. Standard Asbestos Manf. & Insulating Co., et al. | Civil Action No. 75-H-870 |
| S. Trahan v. Standard Asbestos Manf. & Insulating Co., et al. | Civil Action No. 75-H-905 |
| H. J. Plitt v. Standard Asbestos Manf. & Insulating Co., et al. | Civil Action No. 75-H-906 |
| H. P. Kirchner v. Standard Asbestos Manf. & Insulating Co., et al. | Civil Action No. 75-H-1634 |
| J. F. Holton v. Standard Asbestos Manf. & Insulating Co., et al. | Civil Action No. 75-H-1635 |
| James J. Rosenquest v. Standard Asbestos Manf. & Insulating Co., et al. | Civil Action No. 76-H-115 |
| John R. Wesberry v. Standard Asbestos Manf. & Insulating Co., et al. | Civil Action No. 76-H-116 |
| Clarence Simpson v. Owens Corning Fibreglas, et al. | Civil Action No. 76-H-1499 |
| Ruby Stancil, et al. v. Southern Asbestos Co., et al. | Civil Action No. 74-H-1069 |

## DISTRICT OF CONNECTICUT

| | |
|---|---|
| Sammie L. Gray, etc. v. General Dynamics Corp., et al. | Civil Action No. H75-327 |
| Nicholas J. Gencarelle v. Johns-Manville Corp., et al. | Civil Action No. H76-53 |
| Robert N. Ward v. Johns-Manville Corp., et al. | Civil Action No. H76-54 |

## DISTRICT OF CONNECTICUT (CONT.)

| | |
|---|---|
| Allen D. Eleazer v. Johns-Manville Corp., et al. | Civil Action No. H76-55 |
| Albert J. Demers v. Johns-Manville Corp., et al. | Civil Action No. H76-56 |
| Harry E. Sjostrom v. Johns-Manville Corp., et al. | Civil Action No. H76-57 |
| Edward C. Duzant v. Johns-Manville Corp., et al. | Civil Action No. H76-58 |
| Charles C. Keeler v. Johns-Manville Corp., et al. | Civil Action No. H76-59 |
| Henrietta C. Brown, etc. v. Johns-Manville Corp., et al. | Civil Action No. H76-60 |
| Bennie L. Glover v. Johns-Manville Corp., et al. | Civil Action No. H76-61 |
| Kim A. Brown v. General Dynamics Corp., et al. | Civil Action No. H76-325 |
| Vivian L. Ridenour, etc. v. Johns-Manville Corp., et al. | Civil Action No. H76-326 |
| Frederick Paul v. Johns-Manville Corp., et al. | Civil Action No. H76-332 |
| Omar Allvord v. Johns-Manville Corp., et al. | Civil Action No. H76-333 |
| Edwin W. C. King v. Johns-Manville Corp., et al. | Civil Action No. H76-337 |
| George W. Poole v. Johns-Manville Corp., et al. | Civil Action No. H76-338 |

## EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| Elizabeth Matthews, et al. v. Fibreboard Paper Products Corp. | Civil Action No. B073-309-CA |
| Herman Yandle, et al. v. PPG Industries, Inc., et al. | Civil Action No. TY-74-3-CA |

## EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| Lester Kay v. PPG Industries, Inc., et al. | Civil Action No. TY-74-13-CA |
| Corney Jeane v. Fibreboard Corp., et al. | Civil Action No. B-74-337-CA |
| William B. McNeece, Jr., et al. v. United States of America | Civil Action No. TY-75-22-CA |
| Howard W. Boyd v. Owens-Corning Fibreglas Corp., et al. | Civil Action No. S-75-58-CA |
| Sam Dolce v. Fibreboard Paper Corp., et al. | Civil Action No. B-75-191-Ca |
| Edward J. Palermo v. Fibreboard Paper Products Corp., et al. | Civil Action No. B-75-192-CA |
| Claude J. Talbot v. Fibreboard Paper Products Corp., et al. | Civil Action No. B-75-391-CA |
| Preston A. Vice v. Fibreboard Corp., et al. | Civil Action No. B-76-115-CA |
| A.E. Condray v. Fibreboard Corp., et al. | Civil Action No. B-76-108-CA |
| Clifton C. Corkran v. Fibreboard Corp., et al. | Civil Action No. B-76-128-CA |

## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Donald Brown Clarry v. Combustion Engineering, et al. | Civil Action No. 76-1162 |
| Wayne B. Duncan v. Combustion Engineering, et al. | Civil Action No. 76-1249 |
| Margaret F. Taylor v. Combustion Engineering, et al. | Civil Action No. 76-1247 |
| Sara M. Taylor v. Combustion Engineering, et al. | Civil Action No. 76-1241 |
| Robert W. Quattelbaum v. Combustion Engineering, et al. | Civil Action No. 76-1239 |
| Bobby R. Taylor v. Combustion Engineering, et al. | Civil Action No. 76-1210 |
| Harold Lee Taylor v. Combustion Engineering, et al. | Civil Action No. 76-1208 |

## DISTRICT OF NEW JERSEY

| | |
|---|---|
| Charlie Lee Austin, et al. v. Bell Asbestos Mines Co., et al. | Civil Action No. 75-754 |
| Catherine Mesaros, etc. v. Johns-Manville Corp., et al. | Civil Action No. 75-1049 |
| Lonzo Murray, et al. v. Bell's Asbestos, et al. | Civil Action No. 75-1475 |
| Lillian Cicero, etc. v. Johns-Manville Products Corp., et al. | Civil Action No. 76-1488 |
| Jennie Consalvo, etc. v. Johns-Manville Products Corp. | Civil Action No. 75-1641 |
| John Argeskie, et al. v. Johns-Manville Products Corp., et al. | Civil Action No. 76-735 |

## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| Evellio Lopez, et al. v. Armstrong Cork Co., et al. | Civil Action No. 75-1365-Civ-JLK |
| Charles Bender v. Armstrong Cork Co., et al. | Civil Action No. 75-2578-Civ-JLK |
| Moses Joyner v. Armstrong Cork Co., et al. | Civil Action No. 75-2581-Civ-JLK |
| Ruth Strange Hutson, etc. v. Armstrong Cork Co., et al. | Civil Action No. 76-53-Civ-JLK |

## EASTERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Emma Ryder, etc. v. Johns-Manville Products Corp. | Civil Action No. 763110 |
| Hattie Phelps, etc. v. Combustion Engineering Inc., et al. | Civil Action No. 764012 |

## EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Thelma E. Carr, etc. v. Combustion Engineering Inc., et al. | Civil Action No. 75-72332 |
| Wayne Johnson v. Johns-Manville Products Corp. | Civil Action No. 670876 |

### DISTRICT OF MONTANA

| | |
|---|---|
| Raymond Burownes v. Johns-Manville Products Corp. | Civil Action No. CV-76-0060-BLG |
| Norman Nicholas v. Johns-Manville Products Corp. | Civil Action No. CV-76-91-BLG |

### EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| Jakie R. Starnes, et al. v. Combustion Engineering, Inc., et al. | Civil Action No. 75-122 |

### WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Richard Giese, et al. v. Raybestos Manhatten, Inc. | Civil Action No. 75-1385 |

### EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Richard J. Pastor, etc. v. Johns-Manville Corp., et al. | Civil Action No. 75-3282 |

### EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| Joseph Tretter v. Johns-Manville Corp., et al. | Civil Action No. 76-86C(1) |

### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| Clifton W. Jones, Sr. v. W. R. Goodwin, etc., et al. | Civil Action No. 75-2165 Sec. G |

### DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Doris A. Graham, etc. v. Johns-Manville Corp., et al. | Civil Action No. 76-0090 |

### SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| Elizabeth J. Hallinan, etc. v. Combustion Engineering, Inc., et al. | Civil Action No. EV75-25-C |

### DISTRICT OF MARYLAND

| | |
|---|---|
| Gordon C. Muylert, etc. v. Atlas Asbestos Corp. | Civil Action No. N76-1339 |

### SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| Fannie Wilks, etc. v. Combusion Engineering, Inc., et al. | Civil Action No. 75-0023-H |